THE AMERICAN INSURANCE COMPANY OF CHICAGO *v.* GALLAGHER.

50  209<br>151  223

INSURANCE.—*Assignment of Policy.*—A policy of fire insurance was issued July 22d, 1871, to A., on a house owned by him, one-fifth of the premium being paid in cash, the remainder to be paid in four annual instalments, for which A. gave his notes. March 25th, 1872, A. sold the property to B., and June 26th, 1872, assigned to him the policy by indorsement. The house was destroyed by fire in June, 1873. The policy provided that " assignments of policies must be made within ten days after the sale of the property, and this policy sent to the office of the company forthwith for the consent of the company, with fifty cents recording fee, and a new instalment note signed by the assignee; consent will then be given to the assignment. * * * This policy is made and accepted on the above conditions, and the charter and by-laws of this company, which are to be resorted to and used to explain the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for, and which are hereby made part of this policy." The charter provided that the alienation of the insured property should render the policy void, " provided, however, that the grantee or alienee having the policy assigned to him may have the same ratified and confirmed to him, her, or them, for his, her, or their own proper use and benefit, upon application to the directors, and with their consent, within thirty days next after such alienation, on giving proper security, to the satisfaction of said directors, for such portion of the deposit notes as shall remain unpaid; and by such ratification and confirmation, the party causing the same shall be entitled to all the rights and privileges and subject to all the liabilities to which the original insurer was entitled and subjected under this act." The indorsement of the policy was made by A. in the presence and by the consent and direction of the local agent of the company, who had full knowledge of all the facts, and who, knowing that B. had agreed with A. to assume the payment of said instalment notes made by A., received of B. the amount of the first instalment, which was all that was due on said premium before the house was burned, and said agent, in the presence of B., received from A. said policy, to be properly indorsed by the secretary of the company, B. telling said agent that when this was " fixed up" he would pay the company's charges thereon, and said agent promising to have it all attended to in due time. The agent did not forward the policy to the secretary as promised.

*Held*, that there was no assignment in conformity with the provisions of the charter and the policy, and that B. could not recover on the policy.

From the Huntington Circuit Court.

*H. B. Sayler* and *J. B. Kenner*, for appellant.

*J. C. Branyan, J. T. Alexander, F. M. Finch,* and *J. A. Finch,* for appellee.

DOWNEY, J.—This action was by the appellee against the appellant, on a policy of insurance against loss or damage by fire. The policy was upon a dwelling-house, barn, and shed, and also certain personal property, and was issued to one William T. Smith, at the time owner of the property. The policy bears date the 22d day of July, 1871. The amount insured was eight hundred dollars. The premium was twenty dollars, four dollars of which were paid in cash, and notes for the residue given, payable in four annual instalments of four dollars each.

Smith sold and conveyed the insured property to Gallagher on the 25th day of March, 1872, except the personalty. On the 26th day of June, 1872, Smith assigned the policy to Gallagher, by an indorsement thereon. In June, 1873, the dwelling-house was destroyed by fire.

The first question in the case is upon the sufficiency of the complaint. The objection urged to the complaint is, that it does not show that the assignment of the policy to the plaintiff was approved as required by the charter and condition of the policy. The condition is as follows: "Assignments of policies must be made within ten days after the sale of the property, and this policy sent to the office of the company forthwith for the consent of the company, with fifty cents recording fee, and a new instalment note signed by the assignee. Consent will then be given to the assignment."

It is further stipulated as follows, in the conditions: "This policy is made and accepted on the above conditions, and the charter and by-laws of this company, which are to be resorted to and used to explain the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for, and which are hereby made part of this policy."

The charter provides, that an alienation of the insured property renders the policy void, but the section has this proviso: "Provided, however, that the grantee or alienee, having the

policy assigned to him, may have the same ratified and confirmed to him, her, or them, for his, her, or their own proper use and benefit, upon application to the directors, and with their consent, within thirty days next after such alienation, on giving proper security, to the satisfaction of said directors, for such portion of the deposit note as shall remain unpaid, and by such ratification and confirmation the party causing the same shall be entitled to all the rights and privileges, and subject to all the liabilities to which the original insurer was entitled and subjected to under this act."

The facts relating to the assignment of the policy and the approval thereof are stated in the complaint, as follows :

" That said Smith held the said property and said policy, and complied with all and several the conditions of said policy, until the 25th day of March, 1872, when, for a valuable consideration, he sold the said property and all his interest in the same, except the 'furniture and wearing apparel, and his interest in said policy to plaintiff, and with the consent of defendant's agent, by his direction, and in his presence and the presence of each other, said Smith endorsed the said policy to plaintiff; and the said defendant, by her agent, having full knowledge of all the facts of said transfer of said property to plaintiff, and that he had agreed with said Smith to assume and pay off all and several the said four notes held by said company on account of said policy, did receive of and from plaintiff four dollars, the amount of the instalment note about to fall due on account of said policy, and which was payment in full of all moneys due at the time on said policy, and was the instalment that would pay for the insurance of said property until the year ending July 22d, 1873, under said policy, and the said Smith at the same time gave to said agent of defendant, in presence of plaintiff, the said policy so assigned according to the provisions of said policy, in order that said agent might have the same properly indorsed by the secretary of the defendant; and plaintiff told the said agent at the time that when the same was 'fixed up' he would pay defendant's charges thereon; said agent of defendant took said four dol-

lars and said policy, and assured plaintiff that he would have it all attended to in due time, and plaintiff relying and confiding in said agent's statements in the premises, gave the matter no further thought."

The complaint then alleges the burning of the house, and that afterward, for the first time, the plaintiff learned, on inquiry of the agent, that he had not forwarded the policy to the secretary, and he then refused to do so.

We think the facts thus alleged do not show a complete assignment of the policy, approved by the company, as provided in the charter and the conditions of the policy. The local agent of the company was not authorized to act for the company in the approval of the transfer. This was apparent from the condition of the policy on that subject, which we have copied. He was the agent of the plaintiff in doing what he did, if he was agent of any one. No new premium note was executed by the assignee of the policy, nor was the amount paid which was required as a fee for recording the transfer. The charter requires the assignment to be made within thirty days next after the alienation, and the conditions of the policy require it to be done within ten days. The complaint alleges that the sale of the property was made on the 25th day of March, 1872, and the date of the assignment is the 26th day of June, 1872, which is more than the length of time allowed by either the charter or the conditions of the policy. The four dollars paid to the agent were mostly due the company for time elapsed prior to the assignment, and do not appear to have been a payment for any considerable time which was to elapse after the assignment, nor does it appear that the amount was ever reported or sent to the company.

Other questions were reserved during the progress of the cause, but in the present condition of the complaint, they need not be considered.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.